IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRIAN NEWMAN, LATOSHA NEWMAN, JOYCE NEWMAN, NATORI NEWMAN, TEVIN NEWMAN, AND SHATORRY NEWMAN, <br><br>VS.<br><br>SMITH COUNTY, TEXAS, ET AL. | § § § § § § § § | CIVIL ACTION NO. 2:24cv067 |

ORDER OF TRANSFER

Plaintiffs filed this civil rights complaint under 42 U.S.C. § 1983. Before the Court are Defendants' motion to change venue, (Dkt. #13), Plaintiffs' opposed motion for an extension of time in which to file a response, (Dkt. #24), and Plaintiffs' response in opposition to a change of venue, (Dkt. #25). Plaintiffs' complaint reveals that this lawsuit concerns events that occurred at the Smith County Jail in Smith County, Texas, 28 U.S.C. § 1391(b) reads as follows:

> A civil action wherein diversity is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial portion of the events or omissions giving rise to the claim occurred, or a substantial portion of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district wherein the action may otherwise be brought.

The present cause of action arose in Smith County, Texas, which is in the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1). Venue is proper in this district. While Plaintiffs correctly highlight that there is no divisional requirement under 28 U.S.C. § 1391(a) and a plaintiff's choice of forum is entitled to deference, a plaintiff's choice of venue is but one of several factors to consider. The facts giving rise to the lawsuit—a death inside the Smith County Jail—occurred just two blocks from the Tyler Division courthouse.

On the other hand, Plaintiffs point to no facts that tie this case to the Marshall Division. 28 U.S.C. § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Under the transfer statute, a district court may transfer a case upon a motion or *sua sponte*. 28 U.S.C. § 1404 and § 1406. The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987). *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). It cannot be disputed that the Tyler Division is clearly more convenient to the parties and the witnesses. In the present case, a transfer to the Eastern District of Texas, Tyler Division is the appropriate method of handling this lawsuit. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Accordingly, it is

**ORDERED** that Defendants' motion to transfer venue, (Dkt. #13), is **GRANTED**. This lawsuit is **TRANSFERRED**, forthwith and without delay, to the Eastern District of Texas, Tyler Division for reassignment to the appropriate judicial officers. 28 U.S.C. § 1404(a). It is also

**ORDERED** that Plaintiffs' motion for an extension of time to respond to Defendants' motion to transfer venue, (Dkt. #24), is **DENIED** as moot in light of this Order.

**SIGNED this 19th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE